15-3172-bk
*In re: Licata*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
　　　　　　DENNY CHIN,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　　*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: JAMES J. LICATA,

　　　　　　　　　　　*Debtor.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAMES J. LICATA,

　　　　　　　　　　　*Debtor-Appellant,*

　　　　　　　　v.　　　　　　　　　　　　　　　　　　15-3172-bk

RICHARD M. COAN, Chapter 7 Trustee, RONALD I.
CHORCHES, Chapter 7 Trustee,

　　　　　　　　　　　*Trustees-Appellees,*

RECLAIMED HOLDINGS, LLC,

　　　　　　　　　　　*Intervenor.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEBTOR-APPELLANT:          JOHN F. CARBERRY, Cummings & Lockwood
                               LLC, Stamford, Connecticut.

FOR TRUSTEE-APPELLEE           TIMOTHY D. MILTENBERGER, Coan,
RICHARD M. COAN:               Lewendon, Gulliver & Miltenberger, LLC,
                               New Haven, Connecticut.

FOR TRUSTEE-APPELLEE           DAVID T. AUSTIN, Law Offices of Ronald I.
RONALD I. CHORCHES:            Chorches, LLC, Wethersfield, Connecticut.

Appeal from the United States District Court for the District of

Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Debtor-appellant James J. Licata appeals from the district court's

September 23, 2015 judgment dismissing his appeal from an order of the United States

Bankruptcy Court for the District of Connecticut (Shiff, *B.J.*) entered October 9, 2014,

approving the settlement of certain disputed claims.  The bankruptcy court found that

Licata lacked standing to challenge the settlement because he failed to demonstrate a

pecuniary interest in the estate.  On appeal, the district court held that the bankruptcy

court's findings were not clearly erroneous and that consequently Licata lacked

standing to challenge the settlement.  We assume the parties' familiarity with the

underlying facts and procedural history.

Licata principally challenges the bankruptcy court's conclusion that he

lacked standing to oppose the bankruptcy settlement.  "The rulings of a district court

acting as an appellate court in a bankruptcy case are subject to plenary review." *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002). Consequently, we "independently review[] the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*." *In re Quebecor World (USA) Inc.*, 719 F.3d 94, 97 (2d Cir. 2013).

A Chapter 7 debtor has standing to object to a sale of the assets "only if there could be a surplus after all creditors' claims are paid." *In re 60 East 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000). To establish standing, the Chapter 7 debtor has the burden of showing that there is at least a reasonable possibility of a surplus. *See id.* at 115-16. A bankruptcy court's finding that a reasonable possibility of a surplus does not exist is a finding of fact reviewed for clear error. *See id.* at 116.

The bankruptcy court found that Licata did not have standing because he failed to show that there was a reasonable possibility that there could be a surplus after the estate paid the $120 million in unsecured claims.[1] Special App. at 29 ("There is nothing in the record to suggest that the sale of the Assets will generate enough money to satisfy those claims."). The bankruptcy court did not clearly err in finding that there was no reasonable possibility of a surplus.

To prove a reasonable possibility of a surplus, Licata relied on a one-page letter submitted to the bankruptcy court by a New Jersey real-estate firm, which opined

---

[1] The district court noted that there were $200 million in claims against the Licata estate to which no objection was made. Whether it was $120 million or $200 million in claims, there were not enough assets to result in a surplus.

that the disputed assets had a value in excess of $1 billion. This valuation, however, is belied by the actual, substantially lower offers for the same property spanning a period of many years. Between 2006 and 2013, the bankruptcy court conducted auctions on three separate occasions to sell the assets. The highest offer to be received as part of an option contract was $12.6 million. And even this transaction did not close, as ultimately the purchaser did not exercise its option to purchase the assets.

We note also that the letter was not sworn to and that the record is silent as to the qualifications of the author to make such an assessment. The bankruptcy court did not abuse its discretion in concluding that the letter "was both vague and of insignificant probative value." Special App. at 29. Accordingly, the bankruptcy court did not err in holding that Licata lacked standing.

We have considered all of appellant's additional arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -